IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | | |
|---|---|---|
| LEO K. HOLLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:12CV372–HEH |
| | ) | |
| DOCTOR TESEMMA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
**(Granting Motion for Summary Judgment)**

Leo K. Holloway, a Virginia prisoner proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983.[1] Holloway contends that, Defendant Doctor Tesemma provided inadequate medical care in violation of the Eighth Amendment[2] by delaying appropriate treatment for a leg injury from June 11, 2011 until June 15, 2011. (Compl. 6.)[3] The matter is before the Court on Doctor Tesemma's

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[3] The Court employs the pagination assigned by the CM/ECF docketing system for quotations from Holloway's Complaint. The Court corrects the capitalization and spelling in quotations from Holloway's submissions.

Motion for Summary Judgment (ECF No. 12)[4] on the ground that Holloway failed to exhaust his administrative remedies. The Court provided Holloway with the appropriate *Roseboro*[5] notice. (*See* ECF No. 19, at 1.) Holloway has not responded. The matter is ripe for disposition.

## I. Summary of Allegations

On May 26, 2011, Holloway was transferred to Greensville from MCV Hospital where he received treatment for leg fractures and vertebral artery injury. (Compl. 3.) On June 11, 2011, "because blood was coming through," Holloway "asked Nurse Y. Smith to change my bandage." (*Id.*) After removing the bandage, Nurse Smith "observed that the staples in my leg had come apart and was 3 cm wide. She called Dr. Tesemma and was told to clean the wound and to put another bandage on it. He told her I would be seen by the doctor." (*Id.* at 3–4.) On June 15, 2011, Holloway had not been seen by a doctor. (*Id.* at 5.) Holloway asked a nurse to change his bandage. (*Id.*)

---

[4] By Memorandum Opinion and Order entered on October 25, 2013, the Court notified Holloway of its intent to convert Doctor Tessema's Motion to Dismiss to a Motion for Summary Judgment. (ECF No. 19, at 2.) The Court also advised Holloway that he was entitled to file a reply in opposition, and warned Holloway that failure to file a reply would result in a decision based upon the papers already filed. (*Id.*)

[5] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

Holloway alleges:

> While she was changing my bandage we detected a foul odor coming from my leg. I was seen by Dr. Gore later that day and was sent back to MCV Hospital. At MCV Hospital it was diagnosed that my leg had become infected. I had to undergo 4 more surgeries to fix the damage to my leg. The calf muscle in my right leg had to be removed to replace the tissue that was removed from below my right. A skin graft also had to be taken from my right thigh to cover the wound.

(*Id.*)

## II. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c), (e) (1986)). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)

3

(quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only cited materials, but it may consider other materials in the record.").

Doctor Tesemma asks the Court to dismiss Holloway's claim because Holloway failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the exhaustion of administrative remedies is an affirmative defense, Doctor Tesemma bears the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In support of his Motion for Summary Judgment, Doctor Tesemma submits: the Declaration of Ben-Hur Soloria, the Health Services Administrator for St. Brides Correctional Center (Mem. Supp. Mot. Summ. J. Ex 1, at 1 ("Soloria Aff."))[6] and a copy of Virginia Department of Corrections ("VDOC") Operating Procedure § 866.1 (*id.* Ex. A ("Operating Procedure § 866.1")).[7]

As a general rule, a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence. *Celotex Corp.*, 477 U.S. at 324. Holloway submitted his unsworn Complaint and an unsworn Brief in Opposition (ECF No. 16). Holloway's submissions, including his Complaint, fail to constitute admissible evidence because Holloway failed to swear to the contents of his submissions under penalty of perjury. *See United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004). In light of the

---

[6] The Court notes that Holloway's claim arises from actions taken at the Greensville Correctional Center, however, for reasons unclear, the administrator from St. Brides Correctional Center responded with a Declaration and proffered a copy of the VDOC Operating Procedure. Nevertheless, Soloria avers that the VDOC Operating Procedure applied to "Virginia state correctional facilities," including Greensville Correctional Center during 2011. (Soloria Aff. ¶ 1.)

[7] The Court has omitted the emphasis in the quotations to this document.

4

foregoing principles and submissions, the facts set forth below are established for purposes of the Motion for Summary Judgment.

### III. Summary of Pertinent Facts

**A.  VDOC's Grievance Procedure**

Operating Procedure § 866.1, Inmate Grievance Procedure, is the mechanism used to resolve inmate complaints at Greensville Correctional Center ("Greensville"). (Soloria Aff. ¶ 4.) Operating Procedure § 866.1 requires that, before submitting a formal grievance, the inmate must demonstrate that he or she has made a good faith effort to resolve the grievance informally through the procedures available at the institution to secure institutional services or resolve complaints. (Operating Procedure § 866.1.V.A.) Generally, a good faith effort requires the inmate to file an informal complaint form. (*Id.* § 866.1.V.A.1.) If the informal resolution effort fails, the inmate must initiate a regular grievance by filling out the standard "Regular Grievance" form. (*Id.* § 866.1.VI.A.2.)

"The original Regular Grievance (no photocopies or carbon copies) should be submitted by the offender through the facility mail system to the Facility Unit Head's Office for processing by the Institutional Ombudsman/Grievance Coordinator." (*Id.* § 866.1.VI.A.2.b.) The offender must attach to the regular grievance a copy of the informal complaint. (*Id.* § 866.1.VI.A.2.a.) Additionally, "[i]f 15 calendar days have expired from the date the Informal Complaint was logged without the offender receiving a response, the offender may submit a Grievance on the issue and attach the Informal Complaint receipt as documentation of the attempt to resolve the issue informally." (*Id.* § 866.1.V.A.2.) A formal grievance must be filed within thirty days from the date of the

incident or occurrence, or the discovery of the incident or occurrence, except in instances beyond the offender's control. (*Id.* § 866.1.VI.A.1.)

### 1. Grievance Intake Procedure

Prior to review of the substance of a grievance, prison officials conduct an "intake" review of the grievance to assure that it meets the published criteria for acceptance. (*Id.* § 866.1.VI.B.) A grievance meeting the criteria for acceptance is logged in on the day it is received, and a "Grievance Receipt" is issued to the inmate within two days. (*Id.* § 866.1.VI.B.2.) If the grievance does not meet the criteria for acceptance, prison officials complete the "Intake" section of the grievance and return the grievance to the inmate within two working days. (*Id.* § 866.1.VI.B.3.) If the inmate desires a review of the intake decision, he or she must send the grievance form to the Regional Ombudsman within five calendar days of receipt. (*Id.* § 866.1.VI.B.4.)

### 2. Grievance Appeals

Up to three levels of review for a regular grievance exist. (*Id.* § 866.1.VI.C.) The Facility Unit Head of the facility in which the offender is confined is responsible for Level I review. (*Id.* § 866.1.V.C.1.) If the offender is dissatisfied with the determination at Level I, he may appeal the decision to Level II, a review which is conducted by the Regional Administrator, the Health Services Director, or the Chief of Operations for Offender Management Services. (*Id.* § 866.1.VI.C.2.) The Level II response informs the offender whether he or she may pursue an appeal to Level III. (*Id.* § 866.1.VI.C.2.f.)

6

B.  **Facts Pertaining to Holloway's Exhaustion of Administrative Remedies**

In his Complaint, Holloway admits that he never filed a grievance based on his allegations. (Compl. 3.) He states that he filed no grievance because "I thought they were treating my appropriately. I was waiting to see the doctor." (*Id.*)

## IV. Exhaustion Analysis

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, the inmate must file a grievance raising the claim and pursue the grievance through all available levels of appeal, prior to bringing his or her action to court. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Additionally, the Supreme Court has instructed that section 1997e(a) "requires proper exhaustion." *Id.* at 93. The Supreme Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "'so that the agency addresses the issues on the merits.'" *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The applicable prison rules "define the boundaries of proper exhaustion." *See Jones v. Bock*, 549 U.S. 199, 218 (2007).

Here, Holloway failed to pursue a grievance pertaining to his claims of denial of adequate medical care, thus, he has failed to comply with 42 U.S.C. § 1997e(a). *See Woodford*, 548 U.S. at 90.

Holloway argues that he "did not exhaust his grievance procedure because he was not made aware of the extent of his injury until he had been sent to MCV and diagnosed with an infection to the right knee . . . . Plaintiff stayed in MCV Hospital approximately 3 weeks for four surgeries and recovery time." (Br. Opp'n 1.) Holloway then presumes that "[t]he time frame to use the grievance procedure had expired by the time the Plaintiff was brought back to Greensville[ ] . . . ." (*Id.*) However, section "1997e(a) does not permit the court to consider an inmate's merely subjective beliefs, logical or otherwise, in determining whether administrative procedures are 'available.'" *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002) (citation omitted).

Moreover, contrary to Holloway's belief, Operating Procedure § 866.1 provides that "[g]rievances are to be submitted within 30 calendar days from the date of occurrence/incident or discovery of the occurrence/incident, *except in instances: 1) beyond the offender's control* . . . ." (Operating Procedure § 866.1.VI.A.1 (emphasis added)) Thus, Holloway could have submitted a grievance after his release from the hospital upon his return to Greensville. Additionally, although "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it," Holloway fails to demonstrate that he was somehow prevented from pursuing a grievance. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citations omitted). Rather, the record indicates that Holloway simply

8

filed no grievance. *See Pinson v. Berkebile*, 528 F. App'x 822, 826 (10th Cir. 2013) (observing that "an inmate 'may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them'" (quoting *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002))). Accordingly, the Motion for Summary Judgment (ECF No. 12) will be granted. The action will be dismissed without prejudice.[8]

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: April 16, 2014
Richmond, Virginia

---

[8] *See Arambula v. Clarke*, No. 3:10CV121, 2012 WL 618898, at *4 (E.D. Va. Feb. 24, 2012) (observing "the normal remedy for a failure to exhaust under § 1997e(a) is dismissal without prejudice" (citing *Booth*, 532 U.S. at 735)).

9